# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MERCADO,<br><br>  Plaintiff,<br><br>  v.<br><br>DELESTINE, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00433-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO REMAND ACTION TO STATE COURT**<br><br>(Doc. 7)<br><br>TWENTY-ONE (21) DAY DEADLINE |

**I. FINDINGS**

Plaintiff initially filed this action in Sacramento County Superior Court. (Doc. 1, pp. 5-18.) Defendants removed it to this Court. (*Id.*, pp. 1-4).[1] Plaintiff filed an opposition to Defendants' notice of removal, which is construed as a motion to remand this action back to state court. As discussed below, the Court recommends that this action be remanded to the Sacramento County Superior Court due to lack of federal subject matter jurisdiction.

**A. Legal Standards**

Section 1441(a) of Title 28 provides that a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." The vast

---
[1] All references to pages of specific documents pertain to those set forth on the upper-right corners as a result of the CM/ECF electronic court docketing system.

1

majority of lawsuits "arise under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "a case may [also] arise under federal law 'where the vindication of a right under state law *necessarily* turn[s] on some construction of federal law,' " *Merrell Dow*, 478 U.S. at 808 (quoting *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 9 (1983) (emphasis added)), but "only [if] . . . the plaintiff's right to relief *necessarily* depends on a substantial question of federal law," *Franchise Tax Bd.*, 463 U.S. at 28 (emphases added).

For removal to be proper, it must be clear from the face of the complaint that federal subject matter jurisdiction exists. *Oklahoma Tax Comm'n. v. Graham,* 489 U.S. 838, 840-41 (1989) (per curiam). The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Marin General Hosp. v. Modesto Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009); *Hall*, 476 F.3d at 687.

The removal statute is strictly construed against removal and the defendant bears the burden of establishing grounds for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011); *Hunter*, 582 F.3d at 1042 (citations omitted). Courts must consider whether federal jurisdiction exists, *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996), and must reject federal jurisdiction if there is any doubt as to the right of removal in the first instance, *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quotation marks and citation omitted); *Hunter*, 582 F.3d at 1042 (citations omitted).

/ / /

/ /

**B. Discussion**

Plaintiff contends that the state court has jurisdiction of his claims in this action pursuant to California Code of Civil Procedure § 607 and 28 U.S.C. § 1367, and the Court lacks subject matter jurisdiction as his claims do not arise under federal law. (Doc. 3, pp. 1-2.)

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). Subsection (c) allows district courts to decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

Defendants point to one page of the Complaint and contend Plaintiff's use of the six words "deliberate indifference to serious medical need" confer federal jurisdiction. (Doc. 7, p. 2 (citing Doc. 1 at p. 7).) Defendants contend that claims for deliberate indifference to serious medical needs arise under the Eighth Amendment of the United States Constitution for which a remedy is provided under 42 U.S.C. § 1983. (*Id.*) Because this action includes a claim arising under the Constitution, laws, or treaties of the United States, Defendants contend this Court has original jurisdiction within the meaning of 28 U.S.C. § 1331, and the case may be removed pursuant to 28 U.S.C. § 1441.

The pivotal question here is whether the Complaint presents a federal question on its face, if at all. *Caterpillar,* 482 U.S. at 392; *Hunter*, 582 F.3d at 1042 (citations omitted); *Marin General Hosp,.* 581 F.3d at 944 ; *Hall*, 476 F.3d at 687 (citation omitted). State-law causes of action "invoke[ ] federal-question jurisdiction only if [they] necessarily raise a stated federal issue, actually disputed and substantial." *Nevada*, 672 F.3d at 674 (emphasis and internal quotation marks omitted).

Plaintiff's claims in this action are based on an incident that occurred when he was riding the transportation bus, fully cuffed and shackled. (Doc. 1, pp. 5-18.) Plaintiff alleges that, when the bus was "waiting in the sally port" at North Kern State Prison (NKSP), he got up and went to

use the bathroom on board the bus. (*Id.*) As he was walking, the bus driver released the brake on the bus and then slammed it down—causing the bus to lurch. (*Id.*) Since Plaintiff was in waist chains, leg irons, handcuffs and flip flops, he was unable to maintain his balance or catch himself and fell, striking the right side of his face on "the hard fixture." (*Id.*) When Plaintiff was in the bathroom, the driver repeated the actions, causing Plaintiff to fall a second time, this time striking the left side of his face. (*Id.*) Plaintiff's injuries from striking his face include cutting his chin and gums, laceration, bruising, swelling, bleeding on the left side of his chin, shoulder injury and bruising, stiffness in the lower back, and bleeding of the gums, culminating in extraction of teeth. (*Id.*) Plaintiff checked the boxes indicating that he wished to pursue causes of action for "Motor Vehicle," "General Negligence," and "Premises Liability." (*Id.*, at p. 7.) Plaintiff also typed in that he wished to pursue causes of action for "Negligence wanton infliction of injuries," "Deliberate indifference to serious medical need," and "Civil Code Procedure § 1048." (*Id.*)

      It is the listing of a claim for "deliberate indifference" which Defendants' contend vests jurisdiction with this Court. (Doc. 1 at p. 2, Doc. 7 at p. 2.) However, none of Plaintiff's allegations show that the actions of which he complains were done by a state actor who "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In fact, Plaintiff alleges that it was Officer Saavedra's negligent operation of the bus that allowed it to jerk twice. (Doc. 1, p. 12); that Sergeant Umbay kept telling Nurse Lotino that there was nothing wrong with Plaintiff as she rendered care to his injuries (*id.*, p. 14); and that Officer Delestine failed to report the cause of Plaintiff's injuries to an investigation employee after the incident occurred (*id.*, p. 15). None of Plaintiff's allegations, even leniently construed, imply knowledge by any of the named Defendants that Plaintiff faced a substantial risk of serious harm which was ignored. Plaintiff's allegations, at most, show a failure to use due care for his safety by Officer Saavedra, and an intent to cover-up that Plaintiff was injured in the incident by Sergeant Umbay and Officer Delestine—neither of which are actionable under § 1983, but which may be brought in state

court.[2] A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc*., 349 F.3d 1191, 1203 (9th Cir. 2003). All of Plaintiff's causes of action sound in state law.

The only mention of federal law in the Complaint is on the third page where Plaintiff typed "Deliberate indifference to serious medial need." (Doc. 1, p. 7.) This is insufficient to convey jurisdiction to this Court.

Plaintiff could have filed this action under 42 U.S.C. § 1983 and attempted to state cognizable claims for violation of his federal constitutional rights, as well as violations of California law, but he chose not to do so. The Complaint delineates state law claims which sound in negligence for breach of a duty owed to Plaintiff as an inmate in their custody. (Doc. 1, p. 7.) None of these named causes of action are cognizable, or require elements similar to claims which would be cognizable under federal law to "necessarily raise a stated federal issue, actually disputed and substantial." *Nevada*, 672 F.3d at 674. Further, Plaintiff exercised his right to rely exclusively on state law by filing suit in state court utilizing the state legal process. *Caterpillar, Inc.*, 482 U.S. at 392. Thus, this Court lacks subject matter jurisdiction over this action and it should be remanded to the Sacramento County Superior Court.

## II. RECOMMENDATION

Based on the foregoing, the Court **HEREBY RECOMMENDS** that Plaintiff's opposition, filed on April 15, 2019, (Doc. 3), to Defendants' Notice of Removal, be construed as a motion to remand the action to state court and be **GRANTED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, the parties

---

[2] Nothing in this order should be construed as a finding whether Plaintiff has stated cognizable claims under California law. All of Plaintiff's allegations will be subject to any screening processes required in state court on remand.

may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 10, 2019**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE